Filed 6/12/23 P. v. Sevillamull CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050497 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2114194) |
| v. | |
| JOSIAH SEVILLAMULL, | |
| Defendant and Appellant. | |

## I. INTRODUCTION

Defendant Josiah Sevillamull pleaded no contest to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[1] and admitted allegations that he was released on his own recognizance at the time of the offense (§ 12022.1, subd. (b)) and that he had suffered a prior strike conviction (§ 1170.12, subd. (b)(1)). The trial court sentenced defendant to 16 months in prison, which was deemed satisfied based on custody credits.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. That period has elapsed, and we have received no response from defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Following the California Supreme Court's direction in *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*) at page 110, we provide a brief description of the facts and the procedural history of the case.

## II. BACKGROUND

### A. *Factual Background*

In October 2021, around 3:00 a.m., San Jose police responded to a report of an active burglary at an elementary school. A security guard at the school saw two males inside a classroom taking items. The security guard reported to the arriving police officer that the males had walked towards the rear of the school. The guard believed the two males were under 18 years old. The guard reported that the males were wearing black face masks, black "[h]oodie[s]," and backpacks. According to an initial call report, the backpacks were described as black and red. Officers did not find the males inside the school but located iPads on the ground on the side of the school.

Another responding police officer parked near an unoccupied Hyundai that was behind the school. Two of the Hyundai's windows were open. In addition, the back window, which appeared to be broken, had a black cloth over it. The seats were reclined back, and there was an "older generation" iPhone in the middle of the console. The engine was cool to the touch and had dew on it.

The police called the registered owner of the vehicle. The registered owner, a father, indicated that his son had possession of the vehicle. The father also indicated that his son had an older model iPhone.

The police then called the son, who was not entirely forthcoming in his responses. The son stated that the car had been stolen earlier that night. The son claimed that he did not think he could report it stolen due to the late hour and that he instead drove around San Jose for a few hours looking for the car. The officer thought it was odd because San Jose was a large city and the probability of finding the car would have been "slim to none." The son indicated that he had subsequently gone to his home in east San Jose.

2

When asked to go to the scene where the car was located, the son indicated that he was going to get a ride to his father's house first to get keys. When another officer spoke to the son, the son was vague in his responses about the circumstances and location of the vehicle when it was stolen. He also refused to come to the location where the vehicle had been located. The officer offered to pick him up and take him to the location of the vehicle. When asked where he was located, the son did not respond. The son indicated he was going to get a ride from someone else to his father's house to get a spare key.

The car, a 2013 Hyundai, was a "very uncommon" vehicle to be stolen. There was no evidence of a forced entry into the vehicle, and there was no evidence the ignition had been tampered with.

The police went to the father's house, which was more than five miles from the school. Subsequently, a vehicle stopped in front of the house, and two young males exited the vehicle. The males were wearing black face masks, blue hoodies, and a black backpack and a gray backpack. The lighting in the area was "mediocre," and the males' hoodies and backpacks appeared to be "dark-colored." The school burglary had occurred approximately two and half hours earlier.

The male with the black backpack was the son who police had talked to over the phone. The other male with the gray backpack, later identified as defendant, refused to provide his name. Defendant appeared to be a juvenile. Defendant eventually provided his aunt's name and phone number. By calling the aunt, the police were able to obtain defendant's name and date of birth.

When the police first contacted defendant, a cursory pat search was conducted, and nothing was found. The police told defendant that he was being detained, and he was placed in a patrol car. The police asked the security guard to drive to the scene for an in-field identification.

After learning defendant's name and conducting a records search, the police determined that he was on "searchable probation." The police conducted a search of

3

defendant's backpack, where a loaded magazine was located, and another search of defendant himself, who had a loaded handgun in his waistband.

**B. *Procedural Background***

Defendant was charged by complaint with possession of a firearm by a felon (§ 29800, subd. (a)(1)). The complaint also alleged that at the time the offense was committed, defendant had been released from custody on his own recognizance and the release had been revoked (§ 12022.1, subd. (b)). The complaint further alleged that defendant had suffered a prior strike conviction (§ 1170.12, subd. (b)(1)).

Defendant subsequently filed a motion to suppress evidence, arguing that his initial detention and subsequent search were unlawful. The magistrate heard the motion to suppress in conjunction with the preliminary hearing. The magistrate denied the motion, finding there was "sufficient reasonable suspicion to detain [defendant]" based on the security guard's description of the burglars and all the circumstances involving the car behind the school, including the "suspicious explanation about why the car was there." The magistrate determined that the discrepancies in the color of the clothing and backpacks were "not critical," given the lighting and the males' clothing appeared to be dark.

The prosecutor filed an information charging defendant with the same offense and allegations as the original complaint. On April 19, 2022,[2] as part of a global resolution including several additional cases not before us, defendant in the instant case pleaded no contest to possession of a firearm by a felon, admitted that he was out on his own recognizance at the time, and admitted that he had suffered a prior strike conviction. Defendant entered his plea and admissions with the understanding that the trial court had

---

[2] The abstract of judgment incorrectly states that defendant was convicted on March 9, 2022. We will order the abstract corrected accordingly.

4

indicated a sentence of no more than 32 months. Defendant also anticipated filing a *Romero* motion.[3]

At the sentencing hearing on September 8, 2022, the trial court granted defendant's *Romero* motion to dismiss his prior strike conviction. The court proceeded to sentence defendant to 16 months in prison which, after custody credits, was deemed satisfied. The court struck the section 12022.1 enhancement under section 1385. The court also stayed or waived fines and fees.

## C. *Appeal*

Defendant filed a timely notice of appeal. He did not request a certificate of probable cause. We appointed counsel to represent defendant in this court.

## III. DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record. Other than the correction of clerical error, we conclude that there is no arguable issue on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV. DISPOSITION

The judgment is affirmed. The abstract of judgment is ordered corrected to reflect that defendant was convicted on April 19, 2022.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

5

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
WILSON, J.

_____
BROMBERG, J.

*People v. Sevillamull*
**H050497**